UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT E. LEE,                                                   No. 08-12170

       Plaintiff,                                             District Judge John Feikens

v.                                                                      Magistrate Judge R. Steven Whalen

CO-OP CREDIT UNION, ET.AL.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

On May 19, 2008, Plaintiff Robert E. Lee filed a *pro se* civil complaint. Before the Court is Defendant Co-Op Services Credit Union's Motion to Dismiss or in the Alternative for Entry of an Order Requiring Plaintiff to Make a More Definite Statement [Docket #9], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that the motion be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

## I.    STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. When a defendant challenges subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990).

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for

summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. V. Twombley*,—U.S.—, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court set forth what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. The Court held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is *plausible* on its face." *Bell Atlantic*, at 1974 (emphasis added).

## II.   DISCUSSION

The complaint in this case is a handwritten narrative that is extremely difficult to follow as to the claims against Co-Op Services Credit Union. The Plaintiff's position regarding the jurisdictional basis of his lawsuit is unclear and confusing. Fed.R.Civ.P 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory," and bare assertions of legal conclusions are insufficient.

*Scheid v. Fanny farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988). The Sixth Circuit has recognized that such pleading requirements are mandatory, even for *pro se* litigants. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). A court "should not have to guess at the nature of the claim asserted." *Id*.

Plaintiff appears to have an account with Co-Op Services, and has an issue with fees that are being charged. He complains that Co-Op Services did not give him a "routing number." His complaint refers to "Electronic Funds Transfers," and cites a Michigan statute, M.C.L. § 756.157, as well as a Michigan criminal case, *People v. Ford*, 417 Mich. 66, 331 N.W.2d 878 (1992).

In his response [Docket #21], Plaintiff states that he has been stymied in his attempts to pay his bills through Co-Op Services' online banking, and repeats the narrative contained in his complaint. He again cites M.C.L. § 756.157, referring to "Electronic Funds Transfers."[1]

Under Rule 12(b)(1), it is the Plaintiff's burden to prove subject matter jurisdiction. *Moir, supra*. Based on his complaint and his response to this motion, he has failed to show any basis for this court's subject matter jurisdiction. In addition, where a claim is frivolous, a court may dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). "[A] district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *See also Higgins v. Lavine*, 415 U.S. 528, 536-

---

[1] There is no such statute as M.C.L. § 756.157. However, electronic transactions are governed in Michigan by the Uniform Electronic Transactions Act, M.C.L. § 450.831, *et seq*.

37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (patently frivolous case divests the district court of jurisdiction). A case is frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).[2] Plaintiff's claims in this case, which rely on a non-existent Michigan statute and a Michigan criminal case, are patently frivolous.

Plaintiff has also failed to plead a claim that is plausible on its face, as required by Rule 12(b)(6). *Bell Atlantic v. Twombley, supra*. Indeed, the Court is at a loss to understand exactly what Plaintiff is claiming.

### III.   CONCLUSION

I therefore recommend that Defendant Co-Op Credit Union's Motion to Dismiss [Docket #9] be GRANTED, and the complaint DISMISSED WITH PREJUDICE.[3]

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.CT. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate

---

[2] On September 19, 2007, Judge Gadola dismissed another of Plaintiff's complaints under Rule 12(b)(1), pursuant to *Apple v. Glenn. See Robert E. Lee v. 36th District Court, et.al.*, E.D. Mich. No. 07-13513.

[3] The alternative requested relief of a more definite statement is therefore moot.

Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: January 29, 2009

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 29, 2009.

S/G. Wilson
Judicial Assistant